060960

STATE OF MAINE     STATE OF MAINE         UNIFIED CRIMINAL DOCKET

CUMBERLAND, ss.   CUMBERLAND, SS        PORTLAND

             CLERK'S OFFICE         Docket No. CR-13- 6939

2015 MAR 10 PM 3 52

| STATE OF MAINE | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER ON DEFENDANT'S MOTION TO SUPPRESS |
| | ) | |
| | ) | |
| JUSTIN BUSQUE | ) | |

Defendant seeks to suppress inculpatory statements made during his non-custodial questioning at the Portland Police Department on or about May 2, 2013. The court conducted a hearing on Defendant's Motion to Suppress on March 3, 2015, at which Detective Scott Durham testified. The court heard oral argument from Mr. Busque's counsel, Attorney David Bobrow, and from the State, represented by Deputy District Attorney Meg Elam. Counsel jointly moved for the admission of two disks, a video recording and a separate audio recording of the interview in question.[1] Upon consideration of the recording played in chambers after the hearing's conclusion (by agreement of counsel), and considering the evidence adduced at hearing and oral argument in light of Maine law, the court finds as follows:

As grounds for his suppression motion, Defendant contends that his statements "were the result of trickery and thus were not voluntary." Defendant points to comments by Detective Durham in which during his questioning of Defendant he erroneously referred to the charge of "sexual exploitation of a minor" as "sexual abuse of a minor", which he referred to as being a misdemeanor, a "class D", and less serious than a felony. Defendant points as well to statements made by Detective Durham regarding his belief that Defendant's conduct was "consensual", that the issue was "the age [of the other party], not the photographs", and his belief that Defendant was "not a pedophile." Defendant contends that Detective Durham's misstatements regarding the

---

[1] The video recording had sound also but it was hard to decipher what was being said especially by the Defendant. The audio recording had enhanced sounds so that both Detective Durham's voice and Defendant's voices were more easily decipherable.

sexual exploitation charge "significantly downplayed the seriousness of the crime under investigation", which "not only implied false promises of leniency, but was deceptive as to the actual punishment for making an admission." *See* Defendant's Motion to Suppress at 7.

Detective Durham testified that he failed to properly reference the sexual exploitation charge accidentally, as a mistake, and that in any event he had no reason to trick Defendant because Defendant had already admitted the conduct giving rise to the charge when the mistake was made. The court finds the State's suggestion that the crux of this case consists of a simple mislabeling, a "brain cramp" in which Detective Durham mistakenly and momentarily substituted the phrase "sexual abuse" for the phrase "sexual exploitation" to be somewhat disingenuous, as the audio recording reveals that Detective Durham repeatedly underplayed the seriousness of the charges during the interview. The court finds, however, that even though Detective Durham's approach strikes the court as being calculated to reassure Defendant so that his statements might be more forthcoming,[2] such an interviewing strategy does not render Defendant's statements involuntary under the governing standard.

It is well-established that a statement is voluntary when "it is the result of defendant's exercise of his own free will and rational intellect." *State v. Sawyer*, 2001 ME 88, 772 A.2d 1173, 1176. *See also State v. Dodge*, 2011 ME 47, ¶ 12, 17 A.3d 128, 132 ("If a criminal defendant challenges the voluntariness of a confession, a court must determine if the confession resulted from the 'free exercise of a rational mind,' was 'not the product of coercive police conduct' and 'if under all the circumstances its admission would be fundamentally fair'") (citations omitted). For instance, statements made in response to threats, or in response to police promises of leniency, may be determined to be involuntary. *Id.* The court is to apply a totality of circumstances analysis to determine voluntariness, based on consideration of factors such as: 1) the details of the interrogation; 2) the duration of the interrogation; 3) the location of the interrogation; 4) whether the interrogation was custodial; 5) the recitation of *Miranda* warnings; 5) the number of officers involved; 6) the persistence of the officers; 7) police trickery; 8) threats, promises or inducements made to the defendant; and 9) the defendant's age, physical and mental health, emotional stability, and conduct. *Sawyer*, 2001 ME 88, ¶ 9, 722 A.2d at 1176. *See*

---

[2] As noted below, Defendant openly admitted to the conduct at issue early in the interview, prior to Detective Durham's discussion of the charges and their "misdemeanor" status.

2

*also State v. Lockhart*, 2003 ME 108, ¶ 30, 830 A.2d 433, 444 (setting forth and applying *Sawyer* factors).

The questioning at issue lasted for approximately 38 minutes[3] and took place at the Portland Police Department. Defendant does not dispute that the interrogation was non-custodial, and that accordingly *Miranda* warnings were not required. Defendant reported to the police station pursuant to a previous arrangement made with Detective Durham. He was told at the outset of the meeting that he was free to leave at any time and was reminded about that at least one more time during the course of the interview. A single detective was involved. Defendant was 21 years old, and there is no suggestion that he suffered from any physical or mental disability. While Defendant contends that Detective Durham engaged in trickery and implicitly made promises and inducements, even assuming *arguendo* that his tactic of downplaying the seriousness of the charges may properly be characterized as trickery, Defendant freely admitted to the conduct on which the charges are based, and did so in any event prior to the detective's recital of the charges and references to their status as misdemeanors. Accordingly the audio recording does not support Defendant's assertion that he was wrongly induced to incriminate himself as a result of police misconduct. Based on the evidence, the court finds that Defendant's confession resulted from the "free exercise of a rational mind," that it was "not the product of coercive police conduct", and that "under all the circumstances its admission [is] fundamentally fair." *State v. Dodge*, 2011 ME 47, ¶ 12, 17 A.3d at 132.

Accordingly, it is hereby ORDERED that Defendant's Motion to Suppress is hereby DENIED.

DATED: 3/10/15

E. Mary Kelly
Unified Criminal Court Judge

---

[3] The audio recording has a duration of approximately one hour and forty minutes, but the interview concluded after about thirty-eight minutes. Defendant was then apparently left alone in the room until, with twelve minutes left in the recording, Detective Durham returned with the police department's computer specialist for a brief discussion with Defendant regarding his phone.

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No    CUMCD-CR-2013-06939

**DOCKET RECORD**

DOB: 07/06/1991
Attorney:    DAVID BOBROW                          State's Attorney:    MEGAN ELAM
             LAW OFFICE BEDARD & BOBROW
             9 BRADSTREET LANE
             PO BOX 366
             ELIOT ME 03903
             APPOINTED 11/19/2014
Filing Document:    INDICTMENT                      Major Case Type:  FELONY (CLASS A,B,C)
Filing Date:        10/11/2013

**Charge(s)**

1    SEXUAL ABUSE OF MINOR                          03/16/2013      PORTLAND
Seq 8390           17-A   254(1)(A)          Class D
DUNHAM                            /    POR
2    SEXUAL ABUSE OF MINOR                          03/16/2013      PORTLAND
Seq 8390           17-A   254(1)(A)          Class D
DUNHAM                            /    POR
3    SEXUAL EXPLOITATION OF MINOR                   03/16/2013      PORTLAND
Seq 10939          17-A   282(1)(A)          Class B
DUNHAM                            /    POR

**Docket Events:**

10/11/2013  FILING DOCUMENT - INDICTMENT FILED ON 10/11/2013

10/11/2013  Charge(s):  1,2,3
            HEARING - ARRAIGNMENT SCHEDULED FOR 11/07/2013 at 08:30 a.m. in Room No. 1

            NOTICE TO PARTIES/COUNSEL
10/11/2013  Charge(s):  1,2,3
            HEARING - ARRAIGNMENT NOTICE SENT ON 10/11/2013
            JAMES  TURCOTTE , ASSISTANT CLERK
10/29/2013  Charge(s):  1,2,3
            HEARING - ARRAIGNMENT RET UNDELIVERABLE ON 10/29/2013
            JAMES  TURCOTTE , ASSISTANT CLERK
11/19/2013  Charge(s):  1,2,3
            HEARING - ARRAIGNMENT FTA ON 11/07/2013
            ROLAND A COLE , JUSTICE
11/19/2013  BAIL BOND - $5,000.00 CASH BAIL BOND SET BY COURT ON 11/07/2013
            ROLAND A COLE , JUSTICE
            NO THIRD PARTY BAIL
11/19/2013  WARRANT - $5,000.00 FOR FAILURE TO APPEAR ORDERED ON 11/07/2013
            ROLAND A COLE , JUSTICE
            NO THIRD PARTY CASH BAIL TO THURS 8:30 ARRAIGNMENT.
11/19/2013  WARRANT - $5,000.00 FOR FAILURE TO APPEAR ISSUED ON 11/19/2013

            NO THIRD PARTY CASH BAIL TO THURS 8:30 ARRAIGNMENT.
11/18/2014  WARRANT - FOR FAILURE TO APPEAR EXECUTED BY AGENCY ON 11/18/2014 at 05:03 p.m.

11/20/2014  Charge(s):  1,2,3
            HEARING - ARRAIGNMENT HELD ON 11/19/2014
            PAUL E EGGERT , JUDGE
            DA: JULIA SHERIDAN

TAPE #6446

11/20/2014 Charge(s): 1,2,3
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 11/19/2014

11/20/2014 BAIL BOND - CASH BAIL BOND SET BY COURT ON 11/19/2014
PAUL E EGGERT , JUDGE
$5,000.

11/20/2014 HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 02/04/2015 at 08:30 a.m. in Room No. 7

11/20/2014 TRIAL - JURY TRIAL SCHEDULED FOR 03/09/2015 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL

11/20/2014 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 11/19/2014

11/20/2014 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 11/19/2014
PAUL E EGGERT , JUDGE
COPY TO PARTIES/COUNSEL

11/20/2014 Party(s): JUSTIN M BUSQUE
ATTORNEY - APPOINTED ORDERED ON 11/19/2014

Attorney: DAVID BOBROW

12/08/2014 LETTER - FROM PARTY FILED ON 12/08/2014

LETTER FROM ATTY IN REGARDS TO BAIL HEARING SCHEDULING.

12/10/2014 MOTION - MOTION TO AMEND BAIL FILED BY DEFENDANT ON 12/10/2014

12/10/2014 HEARING - MOTION TO AMEND BAIL SCHEDULED FOR 12/11/2014 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL

12/11/2014 HEARING - MOTION TO AMEND BAIL HELD ON 12/11/2014
THOMAS D WARREN , JUSTICE
Attorney: DAVID BOBROW
DA: ANGELA CANNON
Defendant Present in Court
MOTION GRANTED.                          NEW BAIL SET

12/11/2014 MOTION - MOTION TO AMEND BAIL GRANTED ON 12/11/2014
THOMAS D WARREN , JUSTICE
Attorney: DAVID BOBROW
DA: ANGELA CANNON
COPY TO PARTIES/COUNSEL                   MOTION GRANTED.                          NEW
CONDITIONS OF RELEASE ISSUED

12/11/2014 BAIL BOND - $500.00 CASH BAIL BOND SET BY COURT ON 12/11/2014
THOMAS D WARREN , JUSTICE
DA: ANGELA CANNON
WITH CONDITIONS

02/04/2015 HEARING - DISPOSITIONAL CONFERENCE HELD ON 02/04/2015
PAUL E EGGERT , JUDGE
Attorney: DAVID BOBROW
DA: MEGAN ELAM
OFFER MADE. CASE UNRESOLVED. MOTION TO BE FILED AND HEARD 3-3-15. CASE CONTINUED FOR TRIAL 4-13-15.

02/04/2015  TRIAL - JURY TRIAL SCHEDULED FOR 04/13/2015 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL
02/04/2015  TRIAL - JURY TRIAL CONTINUED ON 02/04/2015

02/04/2015  TRIAL - JURY TRIAL NOTICE SENT ON 02/04/2015

02/06/2015  MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 02/05/2015

02/10/2015  HEARING - MOTION TO SUPPRESS SCHEDULED FOR 03/03/2015 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL
03/04/2015  HEARING - MOTION TO SUPPRESS HELD ON 03/04/2015

MARY KELLY , JUDGE

Attorney: DAVID BOBROW

DA: MEGAN ELAM

Defendant Present in Court

TAPE 6681 INDEX 5560-7207, TAPE 6682 INDEX 25-200, TAPE 6683 INDEX 25-360  WITNESS: DETECTIVE SCOTT
DUNHAM                              EXHIBIT 1-AUDIO CD                              EXHIBIT 2-VIDEO CD
                                                                    TAPES WERE DEFECTIVE

03/04/2015  MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 03/03/2015

MARY KELLY , JUDGE

FILE IS WITH JUDGE KELLY

03/11/2015  MOTION - MOTION TO SUPPRESS DENIED ON 03/10/2015

MARY KELLY , JUDGE

COPY TO PARTIES/COUNSEL                              ACCORDINGLY, IT IS HEREBY ORDERED THAT
DEFENDANT'S MOTION TO SUPPRESS IS  HEREBY DENIED

03/11/2015  Charge(s): 1,2,3

ORDER - COURT ORDER ENTERED ON 03/10/2015

MARY KELLY , JUDGE

DEFENDANT SEEKS TO SUPPRESS INCULPATORY STATEMENTS MADE DURING HIS NON-  CUSTODIAL
QUESTIONING AT THE PORTLAND POLICE DEPARTMENT ON OR ABOUT MAY 2, 2013.
        ACCORDINGLY, IT IS HEREBY ORDERED THAT DEFENDANT'S MOTION TO SUPPRESS IS  HEREBY
DENIED                                                                    COPIES MAILED

A TRUE COPY
ATTEST: _____
            Clerk